LEGAL SERVICES NYC

GRANTED. The Court determines that the privacy and safety interests at stake here, and the absence of significant countervailing factors, warrant the requested relief. Petitioners may continue to use pseudonyms and initials in this litigation and may re-file certain previously filed documents, in unredacted form, under seal.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 19.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: August 11, 2026

August 11, 2026

***Via CM/ECF***

Hon. Arun Subramanian
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

**RE: *Fouda v. Salazar*, No. 26-cv-6559**
**Motion to proceed under pseudonym and file under seal**

Dear Hon. Judge Subramanian:

We represent Petitioners "E.X." and "P.X.," two minor children, in a pending petition for writ of habeas corpus under the caption *Fouda v. Salazar*. We write to respectfully request the Court's permission to continue to identify Petitioners by pseudonyms and initials in this litigation and to re-file certain previously filed documents, in unredacted form, under seal.[1]

The Petitioners request Your Honor's permission to continue to proceed using pseudonyms in the above-captioned case. The named Petitioners are minor children challenging their detention in immigration custody, which involves discussion of very sensitive matters including their immigration history; present whereabouts; family information; identities; trauma, violence, abuse, and neglect they have experienced; and other private information.

The Respondents will not be prejudiced in their ability to litigate the lawfulness of Petitioners' detention, and the public's interest in knowing the identities of these minor children is minimal. The Petitioners have made the Government aware of Petitioner's identities and shared unredacted copies of all prior filings.

While Federal Rule of Civil Procedure 10(a) generally requires that a plaintiff must name the parties in a complaint, this Court has discretion to allow plaintiffs to proceed anonymously in an appropriate case. To determine whether the court should grant such an exception, the movant's interest in anonymity is balanced against the public's interest in disclosure and potential

[1] On August 5, 2026, the undersigned corresponded with opposing counsel, Erica Silverman, who indicated that Respondents take no position with respect to this motion.



**Legal Services NYC** | 40 Worth Street, Suite 606, New York, NY 10013
Phone: 646-442-3600 | Fax: 646-442-3601 | www.LegalServicesNYC.org
**Shervon M. Small**, Executive Director | **Liza M. Velazquez**, Board Chair

LSC America's Partner for Equal Justice
LEGAL SERVICES CORPORATION

prejudice to the defendant. Courts in the Second Circuit apply a multi-factor balancing test set forth in *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189–90 (2d Cir. 2008). *See e.g.*, *S.D. v Decker*, No. 22-CV-3063 (VSB) (BCM), 2022 WL 1239589, at *2 (S.D.N.Y. Apr. 27, 2022). The factors, summarized, are:

> Whether the litigation involves highly sensitive and personal matters; 2) The risk of retaliatory harm, physical or mental, to the movant or innocent third parties; 3) Other potential harms and their severity; 4) Particularly vulnerabilities of the movant to harm (including age); 5) Whether the suit challenges the government or private parties; 6) Potential for prejudice to the opponent and whether the Court may take mitigating measures; 7) Whether the plaintiff's identity has thus far been kept confidential; 8) Whether the public's interest in the litigation is furthered by disclosure; 9) Whether because of the nature of the legal interests at stake there is an atypically weak public interest; and 10) Whether there are alternative measures available to protect the plaintiff's confidentiality interests.

*See Sealed Plaintiff*, 537 F.3d at 190.

The district court "is not required to list each of the factors or use any particular formulation as long as ... the court balance[s] the interests at stake in reaching its conclusion." *Doe v. Barr*, 479 F. Supp. 3d 20, 26 (S.D.N.Y. 2020) (citing *Sealed Plaintiff*, 537 F.3d at 191 n.4). In habeas cases in the immigration detention context, courts have granted petitioners' motions to proceed by pseudonym or using initials due to the privacy and safety interests at stake, and in light of the absence of significant countervailing factors. *See K.U. v. Freden*, No. 25-CV-361-LJV, 2025 WL 1473974, at *4–5 (W.D.N.Y. May 21, 2025); *J.M.H. v. Freden*, No. 24-CV-875-LJV, 2025 WL 81919, at *2–5 (W.D.N.Y. Jan. 13, 2025); *M.A. v. United States Citizen*, No. 23 Civ. 4530 (LGS), 2023 US Dist LEXIS 123694, at *3–4 (S.D.N.Y. July 18, 2023) (noting "the difficulty victims face in coming forward with their stories and seeking justice").

This litigation entails disclosure of highly personal and sensitive information, which can lead to animus against these Petitioners, including information regarding their immigration status, their backgrounds, and their identities. Likewise, they face a serious risk of retaliatory harm should this information become publicly available on the basis of their membership in particular social groups that face animus. The potential harms are severe, as these children are in ORR custody and without the protection of family or guardians, as is the basis of this petition. This risk of harm is heightened as the movants are minor children.

The fifth and sixth factors of potential prejudice to the movant's opponent weigh in favor of Petitioners. Courts have observed that "[s]uits against the government involve no injury to the government's reputation." *Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401, 406 (S.D.N.Y. 2019) (citation modified). Respondents are also not prejudiced since they are aware of Petitioners' identities. The seventh factor—whether the plaintiff or petitioner's identity is already publicly known—weighs in favor of Petitioners here since their identities have not been previously disclosed. The eighth and ninth factors consider the public's specific interest in the litigation. Courts have held that the questions at issue in habeas corpus proceedings do not give

rise to a significant public interest in knowing the details of the petitioner's identity. *See K.U.*, 2025 WL 1473974, at *4–5 (constitutional question of whether detainee is entitled to a bond hearing is a "weak" public interest that doesn't extend to exact identity of the petitioner); *J.M.H.*, 2025 WL 81919, at *3 (same).

Here, these minor children are in need of protections given their tender ages and the sensitivity of the information being revealed, as well as the risk of retaliation and harm they face as members of marginalized group who are seeking asylum in the United States. Given the circumstances at issue in this habeas proceeding, the Court should draw the same conclusion here as it did in *J.M.H,* 2025 WL 81919, at *3. With respect to the tenth factor of alternative measures that would mitigate the harm of disclosure, it is outweighed by the threat of harm to Petitioners. *See id.*

Further, we request on Petitioners' behalf permission to file unredacted versions of the Petition and supporting exhibits under seal. "The Second Circuit has articulated a three-step process for determining whether documents should be placed under seal." *Mut. Marine Office, Inc. v. Transfercom Ltd.*, No. 08 Civ. 10367 (PGG), 2009 WL 1025965, at *4 (S.D.N.Y. Apr. 15, 2009). This three-step process entails determining whether the document to be sealed is a "judicial document" to which the presumption of access should attach, and if so, balancing the interest in public disclosure against the privacy interests at stake. *Id.* at *4 (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006)).

The party seeking to seal judicial documents bears the burden of overcoming the presumption of public access by demonstrating that "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987) (citing *Press-Enter. Co. v. Superior Court of Cal., Riverside Cty.*, 464 U.S. 501, 510 (1984)). Factors weighing against the presumption of access include "the privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124-27.

It is well established that safeguarding sensitive personal information—precisely the information that Petitioners seek to seal here—provides a "sufficiently compelling justification for" sealing documents and permitting them to proceed anonymously. *See United States v. Amodeo*, 71 F.3d 1044, 1050–53 (2d Cir. 1995); *Sealed Plaintiff*, 537 F.3d at 189–90.

Countervailing interests do not outweigh the privacy and security interests at stake, since the sealed material is limited only to the identifying information and sensitive background of the Petitioners and their mother. These children are particularly vulnerable, and this information is extremely sensitive and puts them at risk of harm if revealed. The Respondents have been made aware of the identity of Petitioners, and there is a minimal public interest in this information, and it is outweighed by the potential harm to the Petitioners.

Wherefore, it is respectfully requested that the Court grant Petitioners leave to proceed under pseudonyms and to re-file the Petition and supporting documents under seal to protect Petitioners from harm.

Dated: August 11, 2026
New York, New York

Respectfully submitted,

By: /s/ *Liam Lowery*
Liam Lowery
Matthew Johnson*
40 Worth Street
Suite 606
New York, NY 10013
llowery@lsnyc.org
mjohnson@lsnyc.org
(646) 442-3338

*Attorneys for Petitioner*

**Application for admission pending*