**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

August 12, 2026

**VIA ECF**
The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re: *Fouda ex rel. E.X. and P.X v. Salazar et al.*, 26 Civ. 6559 (AS)**

Dear Judge Subramanian:

This Office represents Respondents (the "Government") in this habeas petition brought by Lauren Fouda, next friend of E.X. and P.X., minor children ("Petitioners"). On August 10, this Court issued an order directing that "[i]f ORR has not completed its review of the sponsor application by the time of the hearing on August 12, 2026, then the principal decisionmaker with respect to the application (the "buck stops here" person) should personally attend the hearing." ECF No. 18.

I write respectfully to inform the Court that ORR completed its review of Petitioners sponsor application and issued a decision of release on August 11, 2026. ORR approved the Federal Field Specialist's recommendation to release Petitioners from its care and custody to L.S.G.D., their biological mother and approved sponsor, based on a totality of circumstances assessment under 45 C.F.R. § 410.1202. Exhibit A (Updated Declaration of Elizabeth Kronk) ¶ 59. ORR conveyed this release decision to the care staff at Abbott House Therapeutic Center early on August 12, 2026, and the care staff will communicate with L.S.G.D. to arrange for the hand-off of the Petitioners. *Id*.

In light of ORR's approval of Petitioners' biological mother's sponsorship application, the Government respectfully submits that, as soon as Petitioners' release is confirmed, this action should be dismissed as moot. *See, e.g.*, *E.G.V.A. v. Dep't Heath & Hum. Servs.,* 26 Civ. 2258 (MKV), 2026 WL 2254646, at *4 (S.D.N.Y. Aug. 5, 2026) (dismissing action as moot when ORR completed the final step of its vetting process, approved the petitioner's father's sponsor application, and released the petitioner to his father); *Coronel v. Decker*, No. 20 Civ. 2472 (AJN), 2023 WL 199192, at *5 (S.D.N.Y. Jan. 17, 2023) (dismissing habeas action as moot after petitioner had been released from ICE custody); *Berrezueta v. Decker*, No. 20 Civ. 10688 (MKV), 2021 WL 601649, at *2 (S.D.N.Y. Jan. 11, 2021) (same); *Doe v. Decker*, No. 18 Civ. 3573 (GBD) (KNF), 2019 WL 2513838, at *2 (S.D.N.Y. June 18, 2019) (same); *Sokolov v. Holder*, No. 13 Civ. 0947 (PAE), 2013 WL 12377011, at *2 (S.D.N.Y. Aug. 13, 2013) ("Courts in this Circuit have held that a petitioner's release from custody generally moots a habeas petition challenging that custody."). Petitioners' habeas action was brought pursuant to 28 U.S.C. § 2241. *See* ECF No. 1 ¶ 1. Under 28 U.S.C. § 2241, the court "retain[s] jurisdiction so long as the petitioner is 'in custody.'"

*Pierrilus v. U.S. Immigr. & Customs Enf't*, 293 F. App'x 78, 79 (2d Cir. 2008) (dismissing habeas petition where petitioner was no longer in DHS custody). The Government expects to provide confirmation of Petitioners' release at a later time, at which time it will request that the petition be denied as moot.

The Government thanks the Court for its consideration of this request.

Respectfully,

JAMES M. MCDONALD
United States Attorney

By: /s/ *Erica Silverman*
ERICA SILVERMAN
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2696
Email: erica.silverman@usdoj.gov

cc: Counsel of Record (via ECF)

1. Petitioners should promptly advise the Court whether, based on their communications with respondents, the hearing today may be adjourned. Otherwise it will proceed.

2. Respondents should, by no later than **5pm on August 19, 2026**, explain, after a dutiful inquiry is conducted, the specific reasons for the delay in scheduling the second home inspection; the delay between the second home inspection and the home inspection report; and the subsequent delay between the field specialist's recommendation and the August 11, 2026 determination, despite the intervening filing of a petition for habeas corpus relief.

   In this submission, respondents should address the allegations in the petition, including those of the child advocate, pointing to ORR's technical glitches, failures to respond to communications, and representatives who were out of office on vacation. Accompanying the submission should be a declaration from an agency representative that they have investigated these types of delays, and that the agency has taken steps so that they will not occur again.

   As the government's letter reflects, there are a lot of cases raising similar issues, and that's just in this district. That is unacceptable, and should be avoidable. Indeed, both the statute and regulations governing ORR's authority make clear that it should conduct its review "promptly," "continuously," and "without unnecessary delay." *See, e.g.*, 8 U.S.C. § 1232(c)(2)(A); 45 C.F.R. § 410.1200; *id.* § 410.1201; *id.* § 410:1203(a); *id.* § 410.1205.

SO ORDERED.



Arun Subramanian, U.S.D.J.
Date: August 12, 2026